IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES FREDRICK SMITH, JR.,

    Plaintiff,

vs.

                                                      CIVIL ACTION NO.: CV506-003

F. HENDERSON; DANNY BENNETT,
and MILTON SMITH, Individually and
in their official capacities,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate formerly confined at D. Ray James Prison in Folkston, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

In Plaintiff's Amended Complaint, he contends that he ordered a law book and filed a copy of the request form. Plaintiff asserts that his request form was approved; however, Plaintiff states that he misplaced his copy of the form. Plaintiff alleges that he asked Defendant Henderson to check the file for the approval form, but she refused and demanded that Plaintiff leave. Plaintiff avers that he discussed his approval form and Defendant Henderson's actions with Defendant M. Smith, Deputy Warden of Security. Plaintiff asserts that Defendant M. Smith told him that he would assist him in verifying the approval for the book, but Defendant M. Smith never responded to his interview request form. Plaintiff alleges that he found his copy of the approval form approximately fourteen (14) days after his initial interaction with Defendant Henderson. Plaintiff contends that he showed his copy of the approval form to Defendant Henderson who informed him that she

2

had thrown Plaintiff's book away. Plaintiff alleges that Defendant Henderson became hostile and accused Plaintiff of filing grievances against her. Plaintiff contends that the destruction of his law book was in retaliation for filing previous grievances against Defendant Henderson.

Plaintiff appears to assert his claim against Defendant Bennett based upon his supervisory role as Deputy Warden of Care and Treatment. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. Plaintiff's Amended Complaint sparingly mentions Defendant Bennett. Although Plaintiff states that Defendant Bennett "is legally responsible for the welfare and care of all inmates and their property at the prison," he fails to assert any role Defendant Bennett played in the alleged destruction of his law book. Accordingly, Plaintiff's claims against Defendant Bennett should be dismissed.

Plaintiff also fails to allege a constitutional violation by Defendant M. Smith. Plaintiff asserts that Defendant Smith's response to his interview request form was "negligent." (Doc. No. 4, p. 3.) An allegation that a defendant acted with mere negligence in causing Plaintiff injury is not sufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 664, 88 L. Ed.2d 662, 668 (1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146, 99 S. Ct. 2689, 2695, 61 L. Ed.2d 433 (1979).

Plaintiff's remaining claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Bennett and M. Smith be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of April, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev. 8/82)