

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES FREDRICK SMITH, JR.,

    Plaintiff,

vs.

F. HENDERSON,

    Defendant.

CIVIL ACTION NO.: CV506-003

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Baldwin State Prison in Hardwick, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while at D. Ray James Prison in Folkston, Georgia. Defendant filed a Motion for Summary Judgment, and Plaintiff filed a Response. For the following reasons, Defendant's Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that, while at D. Ray James Prison, he filed a request for a legal book, which was approved by a prison official. Plaintiff asserts that he ordered the book from the publisher, and that on April 19, 2005, he was summoned to the prison's property room by Defendant. Plaintiff contends that because he had misplaced his copy of the book request form he filed, he was not given the book. Plaintiff contends that on May 5, 2005, he located his copy of the book request form and took it to the property room to retrieve his book. Plaintiff asserts that Defendant then informed him that the book had been thrown

AO 72A
(Rev. 8/82)

away. In his Complaint, Plaintiff alleges that Defendant destroyed his book out of retaliation for his having filed a grievance against her. Plaintiff further alleges that the destruction of his legal book has caused a "tremendous hindrance" in litigating a civil rights action.

Defendant asserts that her destruction of the legal book in question was not in retaliation against Plaintiff, as evidenced by the fact that he filed a grievance against her only after she destroyed the book. Defendant alleges that her destruction of the book was instead in fulfillment of a legitimate penological objective, in accordance with the requirements of the prison's standard operating procedure. Defendant contends that because Plaintiff could not produce evidence of authorization for the book, it was classified as "contraband." Defendant avers that Plaintiff signed an Inmate Disposal Agreement, selecting the option to have his legal book destroyed immediately, which she did.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260

2

(quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. <u>Williamson Oil Co., Inc. v. Philip Morris USA</u>, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. <u>Hickson</u>, 357 F.3d at 1260 (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. <u>Id.</u> In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. <u>Acevado v. First Nat'l Bank</u>, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

**I.    Retaliation Claim**

Defendant moves for summary judgment on the ground that there is no genuine issue of material fact as to whether she destroyed the legal book in retaliation against Plaintiff. Defendant contends that Plaintiff can present no evidence demonstrating a causal connection between his filing a grievance and Defendant's destruction of the legal book.

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." <u>Farrow v. West</u>, 320 F.3d 1235,

1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed a grievance concerning the conditions of his imprisonment." Id.

While Plaintiff asserted in his Complaint that Defendant's action was taken in retaliation against him for his having filed a grievance against her, he offers no evidence in response to prove retaliation. Plaintiff submits an affidavit in support of his response, but the only mention therein of any retaliatory motive is his assertion that Defendant "became very angry saying that Plaintiff was the one that had filed a grievance on her." (Doc. No. 24, p. 6). In her affidavit, Defendant asserts that she did not destroy the book in order to retaliate against Plaintiff, "which is clearly shown by the fact that any grievance which plaintiff Smith filed occurred after the 'book's' destruction on April 19, 2005." (Def.'s Ex. A, p. 4-5). Plaintiff offers nothing to refute this claim. Plaintiff does not provide documentation of any grievance he filed against Defendant prior to the incident in question. Plaintiff does not even allege that he filed any complaints against Defendant, nor does he articulate any specific exercise of his First Amendment rights which might give her reason to retaliate. Plaintiff has failed to identify "affirmative evidence from which a jury could find," Crawford-El v. Britton, 523 U.S. 574, 600, 118 S. Ct. 1584, 1598, 140 L. Ed. 2d 759 (1998), that Defendant had an "illegal motive" guiding her alleged actions. Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). In short, Plaintiff has failed to create any genuine issue of material fact to be submitted to a jury regarding his retaliation claim against Defendant. Accordingly, Defendant is entitled to summary judgment on this point.

4

AO 72A
(Rev. 8/82)

## II. Access to Courts Claim

Separate and distinct from Plaintiff's retaliation claim is his claim that Defendant, by destroying his legal book, denied his right of access to the courts. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495, 52 L. Ed. 2d 72 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822, 97 S. Ct. at 1495. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 355, 116 S. Ct. 2174, 2182, 135 L. Ed. 2d 606 (1996). There is no issue of material fact when the non-moving party has failed to prove the existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87.

Plaintiff has failed to present evidence establishing that there is a genuine issue of fact regarding whether he has suffered an "actual injury." Plaintiff asserts that the purpose of the book order was to educate himself and "get needful assistance in preparing a 'Brief'" in his "previous case." (Doc. No. 24, p. 3). However, Plaintiff is not specific about his "previous case," and presents no evidence that it was in the nature of an attack on his sentence or a challenge to conditions of his confinement as required by Lewis. He also is non-specific about how Defendant's actions actually hindered his ability to prosecute his "previous case." In sum, Plaintiff has failed to prove the existence of any "actual injury," an essential element to his access to courts claim. Accordingly, Defendant is entitled to summary judgment on this claim.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **GRANTED**.

So **REPORTED AND RECOMMENDED**, this 28th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)